| Information to identify the case: | | | |
|---|---|---|---|
| Debtor: | **Gary Lee Collins**<br>Name | Social Security number or ITIN: | xxx–xx–2462 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court – Southern District of Indiana | | Date case filed in chapter 13: | April 30, 2019 |
| Case number: | 19–03072–RLM–13 | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case

12/2015

**For the debtor listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, the debtor, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor, the debtor's property, or certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to **30 days** or not exist at all, although the debtor can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge of debt. Creditors who assert that the debtor is not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge within the deadlines specified in this notice. Creditors who want a debt excepted from discharge may be required to file a complaint by the same deadline. (See "Discharge of debts" section for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records) at pacer.insb.uscourts.gov.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify the debtor on this case, the debtor must submit a full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| 1. | **Debtor's full name** | Gary Lee Collins | |
|---|---|---|---|
| 2. | **Other names**<br>(used in last 8 years) | None | |
| 3. | **Address** | 1926 Cross Willow Lane<br>Indianapolis, IN 46239 | |
| 4. | **Debtor's attorney**<br>Name and address | Jess M. Smith III<br>1701 N Shadeland Ave Ste A<br>Indianapolis, IN 46219 | Contact info: 317–870–3232 or<br>bkeast@tomscottlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | John Morgan Hauber<br>Office of John M. Hauber, Chapter 13 Trustee<br>320 N. Meridian St., Ste. 200<br>Indianapolis, IN 46204 | Contact info: 317–636–1062 |

**For more information, see page 2 >**

| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address or ecf.insb.uscourts.gov. You may inspect all records filed in this case at this office or pacer.insb.uscourts.gov. | United States Bankruptcy Court<br>Southern District of Indiana<br>46 E. Ohio St., Rm. 116<br>Indianapolis, IN 46204 | Open weekdays 8:30 AM – 4:30 PM ET<br><br>Contact info: 317–229–3800 |
|---|---|---|---|
| 7. | **Meeting of creditors**<br>The debtor must attend the meeting to be questioned under oath. Creditors may attend but are not required to do so. If the meeting is continued or adjourned to a later date, the date will be on the court docket. | **May 30, 2019 at 09:30 AM EDT**<br><br>**The debtor MUST provide picture identification and proof of social security number** to the trustee at the meeting of creditors. Failure to do so may result in the case being dismissed. Language interpretation of the meeting of creditors will be provided to the debtor at no cost through a telephone interpreter service upon request made to the trustee. These services may not be available at all locations. | Location:<br>**Rm. 416 U.S. Courthouse<br>46 E. Ohio St.<br>Indianapolis, IN 46204** |
| 8. | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to object to discharge or challenge whether certain debts are dischargeable:**<br>**You must file a complaint by the deadline:**<br>• if 11 U.S.C. § 523(a)(2) or (4) applies to your claim and you seek to have it excepted from discharge. | **July 29, 2019**<br><br>**You must file a motion by the deadline:**<br>• if you assert that the debtor is not entitled to a discharge under 11 U.S.C. § 1328(f). |
| | | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. Instructions to obtain a proof a claim form or to file electronically can be found at www.insb.uscourts.gov/filing_claims.html. A proof of claim form can also be obtained from any bankruptcy clerk's office.<br><br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | For governmental units only:<br>**October 28, 2019**<br><br>For all others:<br>**July 9, 2019** |
| | | **Objection to exemptions:**<br>The law permits the debtor to keep certain property as exempt. If you believe the law does not authorize an exemption claimed by the debtor, you may file an objection **no later than 30 days after the meeting of creditors concludes**. | |
| 9. | **Filing of plan** | The debtor has filed a plan. You will receive a separate notice with a copy of the plan. | |
| 10. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have a question about your rights in this case. | |
| 11. | **Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business unless the court orders otherwise. | |
| 12. | **Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of your debt. Unless the court orders otherwise, the discharge will not be effective until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If 11 U.S.C. § 523(a)(2) or (4) applies to your claim and you seek to have it excepted from discharge, you must file a complaint and pay the filing fee by the deadline. If you assert that the debtor is not entitled to a discharge under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |
| 13. | **Exempt property** | The law allows the debtor to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. The debtor must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or pacer.insb.uscourts.gov. If you believe the law does not authorize an exemption claimed by the debtor, you may file an objection **no later than 30 days after the meeting of creditors concludes**. | |